IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Trailhead Media, LLC, | ) | C.A. NO. 2:26-cv-04624-BHH |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | *(Breach of Contract)* |
| v. | ) | *(Implied Contract)* |
| | ) | *(Quantum Meruit)* |
| Poulin Willey Georgia Management, LLC, | ) | |
| d/b/a Poulin│Willey│Anastopoulo, | ) | |
| | ) | |
| Defendant. | ) | Nonjury |
| | ) | |

The Plaintiff above named, complaining of the Defendant above named, alleges:

1. The Plaintiff is a corporation organized and existing pursuant to the laws of the State of Mississippi with its principal place of business located therein.

2. The Defendant is a limited liability company organized and existing pursuant to the laws of the State of South Carolina with its principal place of business located in Charleston County, South Carolina, which in the past and continues to conduct business within Charleston County.

3. There is complete diversity of citizenship between the parties hereto, and the matter in controversy herein exceeds the amount of $75,000.00, exclusive of interest and costs.

4. This Court has jurisdiction over the subject matter herein pursuant to 28 U.S.C. §1332 and over the parties hereto, and venue is proper pursuant to 28 U.S.C. §1391.

**FOR A FIRST CAUSE OF ACTION**
*(Breach of Contract)*

5. The Plaintiff is in the business of operating billboard and other advertising services throughout the Southeastern United States, and operates billboard and other advertising services located within the Georgia media market.

6. In November 2024 and thereafter, the Defendant placed orders for advertising to be

run on its behalf, and directed that the billing therefor be directed to it for payment.

7. The Plaintiff accepted the orders for advertising, and provided and ran advertising services for the Defendant from November 2024 through October 2025.

8. The Plaintiff provided advertising services to the Defendant with a value of Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars based upon the orders for advertising placed by the Defendant's agent.

9. The Plaintiff has demanded that Defendant pay the value of the advertising provided in the amount of Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars, but the said Defendant has failed and refused to pay the same.

10. The failure of the Defendant to make payment for advertising services provided constitutes a breach of contract by the Defendant.

11. Plaintiff is informed and believes that it is entitled to interest on the unpaid balance at the rate of 8.5% per annum as provided for in S.C. Code Ann. §34-31-20.

12. The Plaintiff is entitled to judgment against the Defendant under the first cause of action in the principal sum of Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars, plus interest on the unpaid balance at the rate of 8.5% per annum to the date of judgment.

**FOR A SECOND CAUSE OF ACTION**
*(Implied Contract)*

13. The allegations of Paragraphs One (1) through Twelve (12) herein are realleged as if repeated herein verbatim.

14. The Plaintiff provided advertising services to the Defendant for the terms set forth in the First Cause of Action, which conferred a benefit to the Defendant, benefitting the Defendant in the operation and conduct of its business, and providing benefits to the Defendant.

15. The Defendant realized the benefits of the said advertising services, actually conducted operations utilizing leads provided by such services during the course of those services.

16. The Defendant utilized such benefits for the operation of its business, and it would be inequitable to permit the Defendant to retain such benefits without paying the reasonable value therefore.

17. Pursuant to applicable law, the reasonable value of the unpaid portion of the advertising services is Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars.

18. In the event that this Court determines that the parties did not have an express contract, the Plaintiff is entitled to judgment against the Defendant under the Second Cause of Action for an implied contract in the principal sum of Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars, plus interest on the unpaid balance at the rate of 8.5% per annum to the date of judgment.

**FOR A THIRD CAUSE OF ACTION**
*(Quantum Meruit)*

19. The allegations of Paragraphs One (1) through Twelve (12) herein are realleged as if repeated herein verbatim.

20. The Plaintiff provided advertising services to the Defendant for the period set forth in the First Cause of Action, which conferred a benefit to the Defendant, allowing it to operate and conduct business, and providing benefits to the Defendant.

21. The Defendant accepted and used the benefits of the said advertising services, actually conducted operations during such period by reason of the provision of such services.

22. The Defendant knew, or reasonable should have known that the Plaintiff expected to be paid for the advertising services provided to the Defendant.

23. The reasonable value of the advertising services is Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars.

24. In the event that this Court determines that the parties did not have an express contract, the Plaintiff is entitled to judgment against the Defendant under the Third Cause of Action

for quantum meruit in the principal sum of Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars, plus interest on the unpaid balance at the rate of 8.5% per annum to the date of judgment.

WHEREFORE, having fully complained of the Defendant, the Plaintiff prays that this Court accept jurisdiction hereof and issue judgment as follows:

A. Under the First Cause of Action in the amount of Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars, plus interest on the unpaid balance at the rate of 8.75% per annum to the date of judgment, plus the costs of this action;

B. In the alternative, under the Second Cause of Action in the principal sum Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars plus interest on the unpaid balance at the rate of 8.75% per annum to the date of judgment;

C. In the alternative, under the Third Cause of Action in the principal sum of Two Hundred Seventy-Five Thousand and no/100 ($275,000.00) Dollars, plus interest on the unpaid balance at the rate of 8.75% per annum to the date of judgment; and

D. Such further relief as this Court may deem just and appropriate.

BERNSTEIN & BERNSTEIN, P.A.

*/s/Robert A. Bernstein*
Robert A. Bernstein Fed. ID No. 1311
1156 Bowman Road, Suite 200
Mt. Pleasant, SC 29464
(843) 529-1111; (843) 529-0035 (fax)
rbernstein@bernsteinpa.com
ATTORNEYS FOR PLAINTIFF

October 7, 2026
Mt. Pleasant, South Carolina